**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ISAAC RODRIGUEZ,

         Appellant,

        v.

DEPARTMENT OF HOMELAND
    SECURITY,

         Agency.

DOCKET NUMBER
DA-315H-13-0294-I-1

DATE: March 3, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Dennis Schneider</u>, Esquire, Austin, Texas, for the appellant.

<u>Robert H. Moore</u>, Esquire, Del Rio, Texas, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1     The appellant has filed a petition for review of the initial decision that dismissed his appeal, which the administrative judge construed as a probationary termination appeal, for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly modified by this Final Order, we AFFIRM the initial decision.

## BACKGROUND

¶2        Effective December 19, 2011, the agency appointed the appellant to a competitive service Customs and Border Protection Officer position, GS-7, subject to a 1-year probationary period. Initial Appeal File (IAF), Tab 4, Subtab 4k. The agency subsequently terminated the appellant, effective December 11, 2012, based on its determination that he was unsuitable for his position due to derogatory information discovered during the course of his background investigation. IAF, Tab 4, Subtabs 4d-4e. The agency's termination notice informed the appellant that, pursuant to 5 C.F.R. Part 731, he could appeal its suitability action to the Board. IAF, Tab 4, Subtab 4d at 2. However, the Standard Form 50 documenting the appellant's termination cited 5 C.F.R. § 315.804, the authority for probationary terminations, as the authority for the agency's action. IAF, Tab 4, Subtab 4e.

¶3        The appellant filed an appeal of his termination to the Board. *See* MSPB Docket No. DA-0731-13-0126-I-1, Initial Decision (ID-0126) (Feb. 22, 2013). The administrative judge construed his appeal as a suitability appeal and

adjudicated it accordingly. ID-0126. She dismissed the appeal for lack of jurisdiction, finding that the agency acted outside the scope of its delegated authority in making the suitability determination and that the Board only has jurisdiction to review suitability determinations made within the scope of an agency's delegated authority. ID-0126 at 6-7. The appellant did not file a petition for review of the initial decision in MSPB Docket No. DA-0731-13-0126-I-1 and the decision thus became the final decision of the Board. *See* Petition for Review (PFR) File, Tab 12 at 5 (the appellant stating that he "did not appeal the decision because [the administrative judge's] authority to take the action dismissing the appeal was legally correct and in accordance with Board regulations and past precedent"); *see also* 5 C.F.R. § 1201.113.

¶4        The appellant thereafter filed the instant appeal, indicating on his initial appeal form that it concerned his termination during his probationary period. IAF, Tab 1. The administrative judge[2] informed the appellant of the limited circumstances under which the Board has jurisdiction over probationary terminations and of how to establish that he was not a probationer at the time of his termination, and ordered him to file evidence and argument regarding the same. IAF, Tab 2 at 2-5. After considering the parties' responses, the administrative judge issued an initial decision based on the written record.[3] IAF, Tab 11, Initial Decision (ID-0294). She dismissed the appeal for lack of jurisdiction, finding that: (1) the agency terminated the appellant under the authority of 5 C.F.R. Part 315; (2) the appellant failed to establish that he was an employee within the meaning of 5 U.S.C. § 7511(a)(1) at the time of his termination; and (3) the appellant failed to establish any basis for finding Board jurisdiction under 5 C.F.R. Part 315. ID-0294.

---

[2] The administrative judge in the instant appeal is not the same administrative judge who adjudicated the appellant's appeal in MSPB Docket No. DA-0731-13-0126-I-1.

[3] The appellant requested a hearing. IAF, Tab 1 at 2. We find that no hearing is necessary.

¶5		The appellant has filed a petition for review.  PFR File, Tab 1.  He argues that: (1) the agency removed him under 5 C.F.R. Part 731, not 5 C.F.R. Part 315; (2) the agency should have reinstated him pursuant to the finding, in MSPB Docket No. DA-0731-13-0126-I-1, that it acted outside of its delegated authority in making its suitability determination; (3) he is an employee with Board appeal rights under 5 U.S.C. chapter 75 because the decision in MSPB Docket No. DA-0731-13-0126-I-1 "has the legal effect of granting him service credit for the time he was illegally removed," such that he has completed his probationary period; and (4) the agency's failure to reinstate him violates his due process rights.  PFR File, Tab 1.  The agency has filed a response in opposition, and the appellant has filed a reply.  PFR File, Tabs 3-4.

## ANALYSIS

¶6		The Board lacks jurisdiction over the appellant's termination.  In what became the Board's final decision in MSPB Docket No. DA-0731-13-0126-I-1, the administrative judge determined that the Board lacks jurisdiction over the appellant's termination under 5 C.F.R. Part 731 because the agency acted outside the scope of its delegated authority in making the suitability determination.  ID-0126.  To the extent that the appellant is seeking to again challenge the agency's suitability determination, the doctrine of collateral estoppel bars him from doing so.  *See Harris v. U.S. Postal Service*, 119 M.S.P.R. 583, ¶ 6 (2013) (collateral estoppel precludes a party from relitigating an issue when: (1) the issue is identical to one in a prior action; (2) the issue was actually litigated in the prior action; (3) the previous determination of that issue was necessary to the resulting judgment; and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior action, either as a party to the earlier action or as one whose interests were otherwise fully represented in that action.).

¶7 Further, the administrative judge correctly determined that the Board lacks jurisdiction over the appellant's appeal as a probationary termination appeal. The undisputed record evidence reflects that, at the time of his termination, the appellant was a probationary employee in the competitive service with less than 1 year of current continuous service. *See* IAF, Tab 1, Tab 5, Subtabs 4d-4e, 4k. Consequently, the appellant could only bring an appeal of his termination under limited circumstances. *See Blount v. Department of Treasury*, 109 M.S.P.R. 174, ¶ 5 (2008); 5 C.F.R. §§ 315.805, 315.806. As the administrative judge explained, the appellant does not allege any of these limited circumstances, such as that the agency discriminated against him based on partisan political reasons or marital status, or that his termination was based on pre-employment reasons. ID-0294 at 6. Therefore, the administrative judge correctly found that the Board lacks jurisdiction over this appeal as a probationary termination appeal.

¶8 To the extent that the appellant argues that, pursuant to the Board's final decision in MSPB Docket No. DA-0731-13-0126-I-1, he is an employee with chapter 75 Board appeal rights, we disagree. The appellant specifically asserts that the Board's final decision in his prior appeal "has the legal effect of granting him service credit for the time he was illegally removed," such that he has completed his probationary period. The decision in MSPB Docket No. DA-0731-13-0126-I-1, however, did not include any order for relief, such as retroactively restoring the appellant to duty, providing him a service credit, or otherwise voiding the agency's negative suitability determination. Indeed, as the appellant acknowledges, the Board had no authority to order relief in that matter because it lacked jurisdiction over the appeal. *See Gessert v. Department of the Treasury*, 114 M.S.P.R. 471, ¶ 5 (2010) (once the Board has determined that it is without jurisdiction to entertain an appeal, it lacks jurisdiction to make any other determinations or grant any relief with regard to that appeal), *aff'd*, No. 2010-3115, 2011 WL 463094 (Fed. Cir. 2011); *see also* PFR File, Tab 1 at 16 (the appellant stating that the administrative judge "could not order the [a]gency to

reinstate [him] because she had to dismiss the appeal on jurisdictional grounds"). The appellant does not cite and we are unaware of any Board or U.S. Court of Appeals for the Federal Circuit precedent that requires an agency to retroactively restore an employee after the Board dismisses a negative suitability determination for lack of jurisdiction. Accordingly, we find that the Board's decision in the appellant's prior appeal did not order relief or otherwise qualify the appellant as an employee with chapter 75 Board appeal rights.

¶9 Finally, to the extent that the appellant asserts that the agency failed to comply with the Board's decision in MSPB Docket No. DA-0731-13-0126-I-1, he may wish to assert such arguments in a petition for enforcement filed with the regional office. *See* 5 C.F.R. § 1201.181-.182. However, as we noted above, the Board's prior decision did not order any relief and did not contain a notice of the Board's enforcement authority. *See id.*

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline

and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.